# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**  )
)
)
        **Plaintiff,**  )
)
**v.**  )
)   Case No. 08-20120-CM
)
**DAMENEIN WRIGHT,**  )
)
        **Defendant.**  )
)

## MEMORANDUM AND ORDER

Defendant Damenein Wright entered a guilty plea to charges of conspiracy to violate federal drug laws and of possession of a firearm during a drug trafficking crime. He was sentenced on April 5, 2010. Judgment was entered on April 6, 2010 (Doc. 96). On April 5, 2010, after the sentencing hearing, defendant instructed his attorney to file an appeal. His attorney told him that an appeal would be filed that same day. Defendant had no further contact with the attorney, but recently asked his sister to find out the status of his appeal. On August 27, 2010, defendant's sister learned that no appeal had been filed. Defendant now seeks permission to file a late notice of appeal (Doc. 98).

Fed. R. App. P. 4(b)(1) imposes requirements for timely filing appeals in criminal cases. A defendant must file an appeal 14 days after the later of (1) the entry of the judgment or order being appealed; or (2) the filing of the government's notice of appeal. If the time to appeal has expired, the court may extend the time to appeal in limited situations:

> **(4) Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of

> appeal for a period not to exceed 30 days from the expiration of the time
> otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

Defendant argues that the court should extend the time for him to file his notice of appeal because he missed the original deadline due to excusable neglect. While the court may extend the time to appeal upon a showing of good cause or excusable neglect, it cannot extend the time to file a notice of appeal beyond the "30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." *Id. United States v. Trotter*, 379 F. App'x 735, 737 (10th Cir. 2010) ("The language of Fed. R.App. P. 4(b)(4) makes clear that the district court could only extend the time for filing a notice of appeal for thirty days beyond Rule 4(b)(1)'s deadline.").

Defendant's time to appeal expired on April 20, 2010, fourteen days after the entry of judgment. Even if the court finds excusable neglect, the furthest the court can extend the deadline is thirty days from the original April 20, 2010 deadline—May 20, 2010. The court cannot extend the deadline to a date after May 20, 2010. Defendant filed his motion to extend the deadline on September 27, 2010, more than five months after the original deadline; thus, the court cannot grant defendant an extension to file his notice of appeal. Defendant's motion is therefore denied.

**IT IS THEREFORE ORDERED** that defendant's Motion for Permission to File Late Notice of Appeal (Doc. 98) is denied.

Dated this 1st day of November, 2010, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**