# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

   **v.**

**DANEMEIN J. WRIGHT,**

   **Defendant.**

Criminal No. 08-20120-01-CM
Civil No. 17-cv-2475-CM

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant Danemein J. Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 108). Mr. Wright argues he is actually innocent of the crimes he pleaded guilty to and is entitled to equitable tolling of the one-year statute of limitations set forth in 28 U.S.C. § 2255. In response, the government filed a motion to dismiss Mr. Wright's § 2255 petition (Doc. 118), arguing that the motion is untimely and no equitable tolling applies. For the reasons set forth below, the court grants the government's motion and dismisses Mr. Wright's § 2255 petition.

## I.   Background

On September 11, 2008, a grand jury charged Mr. Wright with several drug crimes, including: (1) conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and § 841(a)(1) (Count 1); (2) distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2); (3) distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 3); (4) possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 4); and (5) possessing a firearm in furtherance of Count 1, in violation of 18 U.S.C. §

924(c) (Count 5). These charges arose from an arrest of Mr. Wright and several others by Kansas City, Kansas police following a drug operation involving a confidential informant.

On January 4, 2010, Mr. Wright entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Under the plea agreement, Mr. Wright pleaded guilty to Counts 1 and 5 of the indictment. In return, the government agreed not to file additional charges against him, moved to dismiss all other charges, and recommended a 180-month sentence followed by a five-year supervised release period. Mr. Wright also waived his right to appeal his sentence.

On April 6, 2010, this court sentenced Mr. Wright to 180 months in prison, followed by five years of supervised release. The government moved to dismiss all other counts and this court granted the motion, dismissing Counts 2–4. Mr. Wright filed a Motion for Leave to file late Notice of Appeal on September 27, 2010, which was denied by this court on November 1, 2010.

Mr. Wright filed this Motion to Vacate under 28 U.S.C. § 2255 (Doc. 108) on August 16, 2017.

## II. Analysis

### a. Equitable Tolling

Mr. Wright argues he is actually innocent of the charge brought under 18 U.S.C. § 924(c), possessing a firearm during and in relation to a drug trafficking offense. He asks the court to vacate his sentence because counsel was ineffective in allowing him to enter a plea agreement for a crime of which he is actually innocent. Mr. Wright recognizes his petition comes more than six years out of time under 28 U.S.C. § 2255 and claims that he is entitled to equitable tolling of the statute of limitations because he has raised an actual innocence claim. The court disagrees.

To qualify for equitable tolling, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649

(2010). The one-year statute of limitations under § 2255 is subject to equitable tolling, but only in "rare and exceptional circumstances." *United States v. Lee*, 163 F. App'x 741, 743 (10th Cir. 2006) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).[1] Actual innocence constitutes a rare and exceptional circumstance for purposes of equitable tolling. *Lee*, 163 F. App'x at 743. But "equitable tolling 'is *only* available when an inmate diligently pursues his claims *and* demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Id.* at 743 (emphasis in original) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).[2] A petitioner must demonstrate diligence in pursuing a habeas claim.

In *Lee*, the Tenth Circuit noted the petitioner's challenge under 28 U.S.C. § 2255 was based on a December 1995 Supreme Court case, but the petition was not filed until nearly eight years later. 163 F. App'x at 743. Lee was not entitled to equitable tolling because roughly eight years had passed and he "provided no explanation for his failure to [file his petition within the statute of limitations]." *Id*. This same lack of diligence is also present in the instant case. Mr. Wright provided no explanation for the failure to file this claim within the applicable statute of limitations. Neither Mr. Wright's petition nor his reply to the government's motion attempt to explain why Mr. Wright waited more than six years to seek relief. The Tenth Circuit has rejected many alleged justifications for lack of diligence. For example, in *Marsh*, the Tenth Circuit rejected ignorance of law, delay by the prison inmate law clerk, and closure of the prison law library for holidays as possible valid bases for equitable tolling. 223 F.3d at 1220–1221.

---

[1] Although *Gibson* addressed equitable tolling in the context of § 2244, the Tenth Circuit's opinion in *Lee* indicates this same principle also applies to § 2255 motions. Additionally, though this unpublished opinion is not binding precedent, it may be used as persuasive authority pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
[2] Again, the Tenth Circuit looked to *Marsh*, a case involving 28 U.S.C. § 2244's statute of limitations, to determine the requirements for equitable tolling under § 2255 and indicating the same principle applies to both statutes.

The diligence required for equitable tolling purposes is not extreme. Instead, a petitioner need only show "reasonable diligence." *Holland*, 560 U.S. at 653. Mr. Wright failed to diligently pursue this claim or offer even a cursory explanation for the significant delay in filing his motion. There is not a valid basis to grant equitable tolling on Mr. Wright's motion.

### b. Miscarriage of Justice Exception

Though not specifically invoked by Mr. Wright, the Supreme Court has held that a "miscarriage of justice exception" may overcome procedural defaults, including the statute of limitations under the state habeas statute (28 U.S.C. § 2254), when an actual-innocence claim is raised. *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013) ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief."). The Court distinguished this exception from equitable tolling, reasoning the petitioner in that case was not asserting an excuse for the delay; rather, he was seeking an equitable *exception* to [28 U.S.C.] § 2244(d)(1). *Id.* (emphasis in original) (citation omitted). The petitioner in *McQuiggin* asked the Court to override the statute of limitations when actual innocence is shown— instead of extending the time allowed to file the petition.

In *McQuiggin*, the Supreme Court allowed a habeas petition from a state court prisoner despite its untimeliness, holding courts "should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* It also laid out the standard required to grant the exception: "A petitioner invoking the miscarriage of justice exception 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 385 (internal citations omitted). *McQuiggin* encourages lower courts to overlook delay if that delay is overshadowed by the petitioner's credible proof of actual innocence. The delay becomes a factor the court must consider in assessing the merits

of the actual innocence claim. *Id.* at 399 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). But actual innocence may only overcome the procedural bar *if proved*. *McQuiggin*, 569 U.S. at 386 (emphasis added). The petitioner must still satisfy the "demanding" standard to show actual innocence set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin*, 569 U.S. at 401.

The petitioner bears the burden of establishing actual innocence. *See Schlup*, 513 U.S. at 327. In *Schlup*, the Supreme Court discussed the evidence necessary to establish a valid actual innocence claim:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented aisn't tht trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Id.* (emphasis added). Actual innocence claims focus on new evidence brought to light by a petitioner, requiring "relevant evidence that was either excluded or unavailable at trial." *Id.* at 327–28; *see also Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013). A court may consider all evidence, even if not admissible at trial, in assessing the actual innocence of a petitioner. *Schlup*, 513 U.S. at 327–28. Once the new evidence is identified, a petitioner invoking the miscarriage of justice exception "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 385 (citing *Schlup*, 513 U.S. at 327).

Notwithstanding a lack of trial in this case, Mr. Wright has not presented any "new" evidence at all. The *Schlup* Court presented a few examples of evidence, such as scientific evidence or eyewitness testimony, that may suffice. Though the list is not exhaustive, it indicates mere assertions or conclusions by the petitioner will not suffice. Mr. Wright fails to meet the evidentiary burden required by *Schlup*. Instead, Mr. Wright merely asserts he was not present at the house on the date the indictment states.

(Doc. 108-1, at 4). This defense existed at the time of the indictment and at the time he signed the plea agreement, yet he did not raise it until more than seven years after sentencing. Even if the court considered this claim "new evidence," Mr. Wright's motion fails to show "no reasonable juror" would convict him.

Even if the court were to apply the principles of *McQuiggin* to Mr. Wright's motion, Mr. Wright is not entitled to the miscarriage of justice exception due to his failure to satisfy the evidentiary burden and his unexplained delay in raising an actual innocence defense that existed at the time of the indictment and plea agreement.

### c. Actual Innocence of Other Crimes

Finally, Mr. Wright's motion fails to show actual innocence of all other crimes he was charged with. "[I]n cases where the Government has forgone more serious charges in the course of plea bargaining, [a] petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In *Lee*, the Tenth Circuit required Mr. Lee to "not only prove actual innocence as to the gun charge to which he pleaded guilty, he must also prove actual innocence of the three drug counts for which he was indicted." 163 F. App'x at 743. In this case, Mr. Wright was charged with five counts. Pursuant to the plea agreement, the government moved to dismiss three counts against Mr. Wright, allowing him to plead guilty only to Counts 1 and 5. Mr. Wright only alleges actual innocence of the 18 U.S.C. § 924(c) conviction, which prohibits possession of a firearm during and in relation a drug trafficking offense. Mr. Wright failed to mention or show actual innocence as to any other charges he pleaded guilty to or that were forgone by the government in the course of plea bargaining.

For the above reasons, Mr. Wright's § 2255 petition is barred by the statute of limitations and must be dismissed as untimely. Rule 11 of the Rules Governing Section 2255 Proceedings provides that

courts must issue or deny a certificate of appealability when entering final orders adverse to petitioners. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (citation omitted). When a court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear that Mr. Wright's § 2255 motion is untimely, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that the government's Motion to Dismiss Defendant's 28 U.S.C. § 2255 Motion (Doc. 118) is granted.

**IT IS FURTHER ORDERED** that defendant's Danemein J. Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 108) is dismissed and the court denies a certificate of appealability on the claims raised in the motion.

Dated November 5, 2018, at Kansas City, Kansas.

s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**
